IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JARVIS D. COHEN,

    Petitioner,

vs.                                Case No. 05-2543-JDB/tmp

STEPHEN DOTSON,

ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On March 17, 2005, Petitioner Jarvis D. Cohen, prisoner number 309453, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a petition under 28 U.S.C. § 2254. On May 1, 2007, the Court entered an order directing Petitioner to file an amended petition detailing any justification for the application of equitable tolling or other basis demonstrating the petition should not be dismissed as time barred. On May 25, 2007, Cohen filed his amended petition.

I.  Background

Cohen pled guilty in Shelby County Criminal Court to one count of murder in the perpetration of a felony, one count of attempted first degree murder, two counts of especially aggravated robbery, eight counts of aggravated robbery, two counts of attempted aggravated robbery, two counts of aggravated assault, and one count

of possession of marijuana with intent to sell.  He was sentenced to life for the felony murder conviction, twenty (20) years for the attempted first degree murder, twenty (12) years for each count of especially aggravated robbery, twelve (12) years for each count of aggravated robbery, six years for each count of attempted aggravated robbery, six years for each count of aggravated assault, and one year for possession of marijuana with intent to sell, with all sentences to run concurrently for an effective life sentence.  Cohen filed a petition for post-conviction relief contending that he received ineffective assistance of counsel which was denied after an evidentiary hearing.  Cohen appealed and the Tennessee Court of Criminal Appeals affirmed the post-conviction court's denial of relief.  See Cohen v. State, No. W2002-00828-CCA-R3-PC, 2003 WL 21339278 (Tenn. Crim. App. May 15, 2003), perm. app. denied (Tenn. Oct. 6, 2003).

II.  Analysis

The Supreme Court's decision in Day v. McDonough, 126 S. Ct. 1675, 1684 (2006), affirms the authority of district courts to raise the habeas statute of limitations sua sponte.  However, prior to the sua sponte dismissal of a habeas petition on timeliness grounds, the Court must afford the petitioner notice and an opportunity to be heard on the applicability of the limitations period.  Id.  See also Reichert v. United States, 101 Fed.Appx. 13, 14 (6th Cir. 2004)("This Court has concluded that a district court

2

can dismiss a habeas petition sua sponte on the basis of the statute of limitations, but the court should first provide the petitioner with notice and an opportunity to be heard prior to the dismissal."); Scott v. Collins, 286 F.3d 923, 929-30 (6th Cir. 2002), abrogated on other grounds by Day, 126 S.Ct. 1675. In its April 30, 2007 order, the Court afforded Petitioner notice of the timeliness issues raised by his petition and ordered his response as to why the petition should not be dismissed. The Court also invited any argument he might have about whether the limitations period should be equitably tolled. In his amended petition, Petitioner admits that his petition is untimely, but contends that he is entitled to equitable tolling because he is mentally retarded and had limited access to a legal aide. He also contends that he is actually innocent. For the reasons stated below, Cohen's motion is clearly untimely and he is not entitled to equitable tolling.

    A.   Timeliness

On April 24, 1996, the Anti-terrorism and Effective Death Penalty Act ("AEDPA") went into effect. In relevant part, the AEDPA established a limitations period for state inmates filing habeas petitions in federal court pursuant to 28 U.S.C. § 2254. Twenty-eight U.S.C. § 2244(d)(1) reads as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>     (A)  the date on which the judgment became final by

> the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (2) of § 2244(d) further provides that the "time during which a properly filed application for State post-conviction" relief is pending is not to be counted in the calculation of § 2244(d)'s limitations period.

It does not appear that the running of § 2244(d)'s limitations period has been triggered by any event other than the finality of Petitioner's conviction. Cohen's conviction became final on October 6, 2003, when the Tennessee Supreme Court denied permission to appeal. His AEDPA statute of limitations began running and expired on October 6, 2004. He did not file this habeas petition until March 17, 2005.

Under a straightforward application of § 2244(d) and Austin v. Mitchell, 200 F.3d 391, 393-95 (6th Cir. 1999), this petition is time barred. See also Bennett v. Artuz, 199 F.3d 116 (2d Cir. Oct. 25, 1999)(following Second Circuit caselaw holding that § 2244

4

limitations period for pre-AEDPA convictions begins running at enactment); Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998)(holding that § 2244 limitations period for state convictions final before AEDPA enactment begins running at enactment).

    B.    Equitable Tolling

This Court evaluates five factors when considering a request for equitable tolling of the habeas statute of limitations: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001).

Cohen alleges in conclusory fashion that he is mentally retarded and had limited access to inmate legal aides.  The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations.  See Cantrell v. Knoxville Community Dev. Corp., 60 F.3d 1177, 1179-80 (6th Cir. 1995).  However, the petitioner must make a threshold showing of incompetence, see Calderon v. United States District Court for Central District of California, 163 F.3d 530, 541 (9th Cir. 1998), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition.  Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001).

Cohen testified during the evidentiary hearing on his petition for post-conviction relief that he "was in special education classes in the ninth grade due to learning disabilities and received Social Security benefits for his disabilities." Cohen v. State, 2003 WL 21339278 at *1. He also testified that he "cannot read very well and needs someone to explain his cases and the law to him." Id.  However, Cohen's trial counsel testified at the hearing that Cohen did not have "trouble assisting in his own cases because he could read and write well enough to contact the Board of Professional Responsibility."  Id. at *4.  Cohen wrote three letters to the Board complaining about trial counsel during his trial.

In this proceeding, Petitioner proffers less information regarding his mental abilities than in the post-conviction proceedings. The conclusory allegations of the amended petition do not demonstrate that Cohen was incompetent so as to warrant the equitable tolling of the statute of limitations. Furthermore, nothing in the record suggests that Petitioner lacked notice or knowledge, whether actual or constructive, of the filing requirement, or that he would have been reasonable in remaining ignorant of the filing requirement. Although Cohen alleges that he had limited access to legal aides in prison, he fails to allege facts demonstrating attempts to contact prison legal helpers about additional legal remedies and he supplies no affidavits supporting

6

this allegation.  Petitioner has not been diligent in pursuing his rights.  Under the Dunlap criteria, equitable tolling will not be permitted in this instance.

Petitioner's habeas petition is time-barred pursuant to § 2244(d)'s statute of limitations, and he is not entitled to equitable tolling.  As it "plainly appears from the face of the petition and amended petition that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper.  Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  The petition is DISMISSED.

III. Appellate Issues

The Court must also determine whether to issue a certificate of appealability ("COA").  Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision dismissing a § 2254 habeas petition and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997)(district judges may issue certificates of appealability under the AEDPA).  No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard

7

announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed.  Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief.  The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail.  It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief.  After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893).  Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits

with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[1]

In this case, Cohen's petition is time-barred for the reasons previously stated.  Because he cannot present a question of some substance about which reasonable jurists could differ, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions.  <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal <u>in forma pauperis</u> in a § 2254 case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, Petitioner must seek permission from the district court under Federal Rule of Appellate Procedure 24(a).  <u>Kincade</u>, 117 F.3d at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, Petitioner must file his motion to proceed <u>in forma pauperis</u> in the appellate court.  See Fed. R. App. P. 24(a) (4)-

---

[1] The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue."  <u>Id.</u> at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not."  <u>Id.</u>

(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED. If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 22nd day of October, 2007.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE